IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL GERSTMANN,** on behalf of himself and all others similarly situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-4470 |
| **TOTAL SAFETY U.S., INC.** | § § | JURY DEMAND |
| *Defendant.* | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Michael Gerstmann (referred to as "Plaintiff") bringing this collective action lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Total Safety U.S., Inc. (referred to as "Defendant"). In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers …" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendant violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours… at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.     Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendant resides in the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas.

## III.     Parties

8. Michael Gerstmann is an individual who resides in Montgomery, Texas and who was employed by Defendant during the last three years.

9. Total Safety U.S., Inc. is a Delaware corporation that may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Alternatively, if the registered agent of Total Safety U.S., Inc. cannot with reasonable diligence be found at the company's registered office, Total Safety U.S., Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex.

Civ. Prac. & Rem. Code § 17.026.

10. Whenever it is alleged that Defendant committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

11. Defendant is an oilfield services company that does business in the territorial jurisdiction of this Court.

12. Defendant employed Plaintiff as a Safety Technician from approximately February 2017 to June 2019. During Plaintiff's employment with Defendant, he was engaged in commerce or the production of goods for commerce.

13. During Plaintiff's employment with Defendant, Defendant had employees engaged in commerce or in the production of goods for commerce. During Plaintiff's employment with Defendant, Defendant had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

14. During Plaintiff's employment with Defendant, Defendant had an annual gross volume of sales made or business done of at least $500,000.00.

15. Defendant paid Plaintiff primarily at an hourly rate.

16. During Plaintiff's employment with Defendant, he regularly worked in excess of forty (40) hours per week.

17. Defendant knew or reasonably should have known that Plaintiff worked in excess

Case 4:19-cv-04470 Document 1 Filed on 11/13/19 in TXSD Page 4 of 8

of forty (40) hours per week.

18. Defendant did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

19. In particular, although Plaintiff was required to remain at a worksite for several consecutive 24 hour periods, Plaintiff was only paid for approximately 12-13 hours per day.

20. In other words, Defendant failed to include all hours worked by Plaintiff in calculating his overtime pay, which directly violates the FLSA.

21. Defendant knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

22. Defendant failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23. Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

24. Defendant is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

25. All Safety Technicians (and related positions) during the past three-years and during the statutory period are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid the "time and one-half" premium for all of the overtime hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a).

26. Plaintiff adopts by reference all of the facts set forth above. See, FED. R. CIV.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 Page 4

P. 10(c).

27. During Plaintiff's employment with Defendant, he was a nonexempt employee.

28. As a nonexempt employee, Defendant was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

29. Defendant did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

30. Instead, Defendant failed to include many of the hours worked by Plaintiff in calculating his overtime.

31. Defendant knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendant willfully violated the overtime requirements of the FLSA.

## VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

32. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

34. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

35. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

36. On information and belief, other employees have been victimized by Defendant's violations of the FLSA identified above.

37. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for all hours worked over forty (40) in a workweek.

38. Defendant's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

39. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Putative Class Members, collective action treatment is appropriate.

40. All employees of Defendant, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty (40) in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> **All Safety Technicians (and similar positions) employed by Defendant during the last three year.**

41. Defendant is liable to Plaintiff and other employees for the difference between what it actually paid them and what it was legally obligated to pay them.

42. Because Defendant knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Defendant owes Plaintiff and other employees their unpaid overtime wages for at least the last three years.

43. Defendant is liable to Plaintiff and other employees in an amount equal to their

unpaid overtime wages as liquidated damages.

44. Defendant is liable to Plaintiff and other employees for their reasonable attorneys' fees and costs.

45. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other Putative Class Members.

## VIII. Jury Demand

46. Plaintiff demands a trial by jury.

## IX. Prayer

47. Plaintiff prays for the following relief:

 (a) an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

 (b) judgment awarding Plaintiff and other employees all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

 (c) pre-judgment interest at the applicable rate;

 (d) post-judgment interest at the applicable rate;

 (e) incentive awards for any class representative(s); and

 (f) all such other and further relief to which Plaintiff and other employees may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Jay Forester*
**J. FORESTER**
SD Bar No. 2657413
Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
400 N St Paul St, Ste 700
Dallas, TX 75201
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com

Brian D. Gonzales*
**LAW OFFICES OF BRIAN D. GONZALES, PLLC**
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
(970) 214-0562 phone
bgonzales@coloradowagelaw.com

*to be admitted *Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing will be served in compliance with the federal rules.

*/s/ Jay Forester*
J. Forester