United States District Court
Southern District of Texas

**ENTERED**

February 28, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GERSTMANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-19-4470 |
| | § | |
| TOTAL SAFETY U.S., INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is the Motion to Dismiss and Compel Arbitration (Document No. 9). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part.

## I. BACKGROUND

This case is an overtime pay dispute arising under the Fair Labor Standards Act ("FLSA"). Plaintiff Michael Gerstmann ("Gerstmann") is a former employee of Defendant Total Safety U.S., Inc. ("Total Safety"). Total Safety is an entity allegedly conducting business associated with oilfield services. From approximately February 2017 to June 2019, Gerstmann alleges Total Safety employed Gerstmann as a Safety Technician. Gerstmann alleges Total Safety knew Gerstmann regularly worked in excess of forty hours per week during his employment. Gerstmann alleges Total Safety failed to include all hours worked by

Gerstmann in calculating Gerstmann's overtime pay. Gerstmann alleges Total Safety did not pay Gerstmann the required rate for overtime pay. Gerstmann alleges all employees in related positions employed by Total Safety in the past three years are similarly situated to Gerstmann because they had similar job duties, regularly worked in excess of forty hours per week, and were not paid proper overtime pay.

Based on the foregoing, on November 13, 2019, Gerstmann, on behalf of himself and all others similarly situated, filed this lawsuit against Total Safety. Gerstmann asserts claims under the FLSA for overtime compensation. On December 5, 2019, Total Safety moved to dismiss and compel arbitration.

## II. LAW & ANALYSIS

Total Safety moves to dismiss and compel arbitration pursuant to the Total Safety Arbitration Policy/Agreement (the "Agreement").[1] "[T]he Federal Arbitration Act . . . mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "[T]here is a strong presumption in favor of arbitration and the party seeking nonenforcement of the agreement bears the burden to establish its invalidity." *Carter v. Countrywide*

---

[1] *The Motion to Dismiss and Compel Arbitration,* Document No. 9, Exhibit 2 (*Total Safety Arbitration Policy/Agreement*) [hereinafter *Total Safety Arbitration Agreement*].

*Credit Indus., Inc.,* 362 F.3d 294, 297 (5th Cir. 2004) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)). The Court employs a two-step analysis to determine whether a motion to compel arbitration should be granted. "First, a court must determine whether the parties agreed to arbitrate the dispute in question. Second, a court must determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (citations and quotation marks omitted). Neither party asserts any legal constraints external to the Agreement. The Court therefore focuses on whether the parties agreed to arbitrate the dispute in question.

When determining whether the parties agreed to arbitrate the dispute in question, the Court must determine: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* Both parties agree there is a valid agreement to arbitrate.[2] Therefore, the Court addresses only the scope of the Agreement.

Total Safety contends the scope of the Agreement includes all claims asserted against Total Safety. Gerstmann contends the scope of the Agreement

---

[2] *Plaintiff's Response in Partial Opposition to Motion to Dismiss and Compel Arbitration*, Document No. 13 at 1.

does not include all claims asserted against Total Safety. When determining whether the dispute falls within the scope of the arbitration agreement, "ambiguities . . . [are] resolved in favor of arbitration." *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Parties can agree to arbitrate "gateway" questions of "arbitrability," such as whether their agreement covers a particular controversy. *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 278–79 (5th Cir. 2019). An agreement to arbitrate questions of "arbitrability" must be shown by clear and unmistakable evidence. *Id.* (citation omitted).

"[E]xpress adoption of the American Arbitration Association ("AAA") rules in an arbitration agreement is clear and unmistakable evidence that the parties agreed to arbitrate arbitrability" questions. *Petrofac, Inc. v. DynMcDermott Petro. Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012). Rule 6(a) of the AAA Employment Rules of Arbitration states "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Empl. Arb. Rules and Mediation Procs. R. 6(a); *see also Petrofac*, 687 F.3d at 675. A broadly-written arbitration clause is also clear and unmistakable evidence the parties intended to submit arbitrability questions to arbitration. *Halliburton Energy Servs. v. Ironshore Speciality Ins. Co.*, 932 F.3d 522, 538 (5th Cir. 2019). Where there is clear and unmistakable evidence of an agreement to arbitrate arbitrability, questions of

4

arbitrability must be decided in the first instance by the arbitrator, not the Court. *Crawford Prof'l Drugs Inc. v. CVS Caremark Corp.,* 748 F.3d 249, 263 (5th Cir. 2014).

The Agreement expressly adopts the AAA Employment Rules of Arbitration.[3] The parties' adoption of the AAA Employment Rules of Arbitration is clear and unmistakable evidence that the parties agreed to submit arbitrability questions to arbitration. Further, the Agreement states "this Agreement . . . provides that virtually any dispute relating to employment must be resolved only through binding arbitration."[4] The adoption of this broadly-written arbitration clause is further clear and unmistakable evidence the parties agreed to submit arbitrability questions to arbitration. The Court is therefore required to compel arbitration of the scope of the agreement question. Accordingly, the motion to compel arbitration is granted.[5]

## III. CONCLUSION

Accordingly, the Court hereby

---

[3] *Total Safety Arbitration Agreement, supra* note 1, at 3.

[4] *Total Safety Arbitration Agreement, supra* note 1, at 1.

[5] When claims must be compelled to arbitration, it is within the Court's discretion to dismiss the proceedings pending completion of arbitration. *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992). Alternatively, the Court shall stay the proceedings pending completion of arbitration. 9 U.S.C. § 3. The Court declines to exercise its discretion to dismiss and instead determines proceedings should be stayed pending completion of arbitration.

**ORDERS** that the Motion to Dismiss and Compel Arbitration (Document No. 9) is **GRANTED IN PART**. The Court further

**ORDERS** that the parties shall submit to arbitration pursuant to the terms of the Total Safety Arbitration Policy/Agreement submitted as Exhibit 2 to the Motion to Dismiss and Compel Arbitration (Document No. 9). The Court further

**ORDERS** that this case is hereby **STAYED** & administratively closed pending completion of the arbitration. The parties are granted leave to move to reinstate this case on the Court's active docket at such time in the future as the parties deem appropriate.

SIGNED at Houston, Texas, on this _28_ day of February, 2020.

DAVID HITTNER
United States District Judge

6